Exhibit 1

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Elton Dorsey</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>Bd of Trustees,Hialeah Employees Retirement System, City of Hialeah, Florida, Gelien Perez</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Richard A Sicking</u>       Fla. Bar # <u>73747</u>
        Attorney or party                (Bar # if attorney)

<u>Richard A Sicking   </u>          <u>09/02/2021</u>
 (type or print name)           Date

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

ELTON DORSEY,

       Plaintiff,

vs.

BOARD OF TRUSTEES OF THE
CITY OF HIALEAH EMPLOYEES
RETIREMENT SYSTEM,
CITY OF HIALEAH, FLORIDA
and GELIEN PEREZ,

_____Defendants._____/

## COMPLAINT

This is a Complaint for Declaratory Relief, Injunction, and Money Damages.

COMES NOW the Plaintiff, Elton Dorsey, and files this Complaint for Declaratory Relief,

Injunction and Money Damages, by and through his undersigned co-counsel, and says:

COUNT ONE

1.      This court has jurisdiction of the subject matter.

2.      The claim for money damages is in excess of the jurisdictional limits of this Court.

3.      This is an action authorized by the Florida Protection of Public Employee

Retirement Benefits Act.  Sec. 112.60, et seq., Fla. Stat.

4.      Section 112.66(5), Fla. Stat., provides:

> A civil action may be brought by a member or beneficiary of a retirement
> system or plan to recover benefits due to him or her under the terms of his or
> her retirement system or plan, to enforce the member's or beneficiary's

1

rights, or to clarify his or her rights to future benefits under the terms of the retirement system or plan.

5.      The plaintiff Dorsey ("Dorsey") is over the age of 18 and is a resident of Miami-Dade County, Florida.

6.      Dorsey is a member of the City of Hialeah Employees Retirement System.

7.      The Defendant Board of Trustees of the City of Hialeah Employees Retirement System ("the Board") is the custodian and the administrator of the pension fund for the employees of the City of Hialeah, Florida.

8.      The Board is a governmental agency of the City of Hialeah, Florida, which can sue and be sued in its own name.

9.      The Defendant, City of Hialeah ("the City") is a municipal corporation located in Miami-Dade County, Florida.

10.     The Board is governed by the pension ordinance enacted by the City.  City of Hialeah Code Chapter 70, Retirement and Pensions.

11.     The Board is governed by the Marvin B. Clayton Police Officers' Pension Trust Fund Act.  Sec. 185.01, et seq., Fla. Stat.

12.     Dorsey was a police officer employed by the City since 2004.

13.     Dorsey suffered a service-connected injury on July 15, 2011, while participating in a training exercise.

14.     At that time, Dorsey became entangled with another officer in a chokehold when he developed severe neck pain.

15.     Dorsey reported the injury timely to his supervisor.  However, a written Workers' Compensation Notice of Injury was not prepared until later.

16.     Dorsey's neck condition worsened such that he ultimately required two neck fusion surgeries.

17.     Dorsey's injury was ultimately accepted by the City as covered under the Florida Workers' Compensation Law.

18.     The City agreed that Dorsey's neck injury was due to an accident arising out of and in the course of his employment.

19.     The City agreed that Notice of Injury was properly given under the Florida Workers' Compensation Law.

20.     The City agreed that Dorsey's compensable accident was the major contributing cause of his need for treatment, including surgeries, and the major contributing cause of his disability, that is, without apportionment.

21.     Dorsey has reached maximum medical improvement from his neck injury.

22.     The City agrees that Dorsey has reached maximum medical improvement from his neck injury.

23.     Dorsey has a permanent impairment of the body as a result of his service-connected neck injury.

24.     The City agrees that Dorsey has a permanent impairment of the body due to his service-connected neck injury.

25.     The City is estopped to deny that Dorsey suffered a service-connected permanent disability by having represented to the State of Florida in a workers' compensation proceeding, that he does.

26.     Dorsey is no longer able to perform the duties of a police officer on account of his service-connected neck injury.

27. The City agrees that Dorsey is no longer able to perform the duties of a police officer on account of his service-connected neck injury.

28. On account of his service-connected neck injury, the City has assigned Dorsey to a light duty position in the Communications Division.

29. Dorsey's work for the City in Communications is not "in classification".

30. The City has taken away Dorsey's police badge.

31. The City has taken away Dorsey's police uniform.

32. The City has taken away Dorsey's gun.

33. The City has taken away Dorsey's arrest power.

34. Dorsey is no longer qualified to work as a policeman.

35. For his work in Communications, Dorsey is not receiving the same pay as a police officer.

36. Dorsey applied to the Board for a service-connected permanent total disability retirement.

37. By Order, the Board awarded Dorsey a service-connected permanent total disability retirement on September 22, 2020.

38. The City appealed this decision of the Board and the Board conducted a formal hearing on May 10, 2021.

39. Dr. Jeffrey Worth was the Board's Independent Medical Examiner (IME).

40. Dr. Worth was of the opinion that Dorsey was permanently and totally disabled as a police officer.

41. Dr. Worth was of the opinion that Dorsey could only perform limited duty for less than full time.

4

42.     Dorsey is only able to perform light duty work less than full time.

43.     The Board entered an "Order Denying Service-Connected Disability Benefit" to Dorsey on August 9, 2021.

44.     The Order of August 9, 2021, describes the Board's vote as follows:

> The Board voted that Dorsey was not permanently disabled and that the disability was not service-connected. The Board voted that the disability was total. The Board deadlocked on the issue of whether a reasonable accommodation had been provided for Dorsey.
>
> As the Board determined that Dorsey is not permanently disabled from further service as a police officer and that his injury is not serviced-connected, the application for service-connected disability benefit is hereby denied. (Final Order 13).

45.     The record transcript of the proceedings of May 10, 2021, describes the vote as follows:

> MR. KAUFMAN: The first motion, I think, that you should consider is whether the disability applicant is permanently disabled, and the definition of permanent disability is that you do not feel that he will ever be in a position to return to work as a police officer, that he'll never be in a position to provide useful and efficient services as a police officer to the City of Hialeah.
>
> So I would ask you to entertain a motion, either that he is permanently disabled or that he's not permanently disabled, and see if we can get a second on the motion and then have some discussion. I think it's always a good idea, when you make a decision, for you to give some support backing up why you came to a certain conclusion, so if this is ever reviewed by a court, they have some sort of idea about the evidence that you were relying upon in reaching your decision.
>
> So, Mr. Chairman, I would entertain that motion first as to the permanency issue.
>
> CHAIRMAN WILLIAMS: Okay.
>
> MR. ROSENGAUS: We need a motion that he is permanently disabled?
>
> CHAIRMAN WILLIAMS: Or is not.

5

MR. ROSENGAUS:  Or not.  The doctors seem to think that he is, so I will make a motion that he is permanently disabled.

MR. KAUFMAN:  Second?

CHAIRMAN WILLIAMS:  I'll second it.

MR. KAUFMAN:  Any discussion on the motion?

MR. ROSENGAUS:  Did anybody hear anything different than I have?

THE SECRETARY:  Okay.  Motion to approve Mr. Dorsey's retirement disability.  Motion made by Mr. Rosengaus, seconded by Mr. B. Williams.

Mr. B. Williams?

CHAIRMAN WILLIAMS:  Yes.

THE SECRETARY:  Mr. Martinez?

MR. MARTINEZ:  No.

THE SECRETARY:  Mr. Beautellus?

MR. BEAUTELLUS:  It's pretty much –

MR. KAUFMAN:  Just the issue of permanency, whether or not you feel that this disability is permanent.  Is there anything out there that's going to – you know, any surgeries, other things that can be done that would allow him to return to work as a police officer?

MR. BEAUTELLUS:  No.

THE SECRETARY:  Ms. Perez?

MS. PEREZ:  No.

THE SECRETARY:  Mr. Ferrara?

MR. FERRARA:  No.

THE SECRETARY:  Motion denied.

MR. KAUFMAN:  Then a motion as to the service connected aspect, whether or not the disability is service connected.

CHAIRMAN WILLIAMS:  Would you repeat that?

MR. KAUFMAN:  So the motion would be whether or not the disability is service connected.  So a motion that the disability is service connected or the disability is not service connected.

CHAIRMAN WILLIAMS:  Just as a clarification, you're saying that the injury was caused in the line of duty?

MR. KAUFMAN:  Correct.

CHAIRMAN WILLIAMS:  I'll make the motion that it was service connected.

MR. ROSENGAUS:  I'll second it.

MS. JARAMILLO-VELEZ:  As the Chairman, he cannot move.

MR. KAUFMAN:  I have no problem with the Chair making a motion. If you want to pass the gavel to the Vice Chair to make the motion, that's fine.

MR. MARTINEZ:  Do we have a motion on the floor?

CHAIRMAN WILLIAMS:  Yes.

MR. MARTINEZ:  Do we have a second?

MR. ROSENGAUS:  Second.

MR. MARTINEZ:  All right.  Let's take a roll.

THE SECRETARY:  Motion to approve that the injuries were job-related.  Motion made by Mr. B. Williams and seconded by Mr. Rosengaus.

Mr. Martinez?

MR. MARTINEZ:  No.

THE SECRETARY:  Mr. B. Williams?

CHAIRMAN WILLIAMS:  Yes.

THE SECRETARY:  Mr. Beautellus?

MR. BEAUTELLUS:  No.

7

THE SECRETARY:  Ms. Perez?

MS. PEREZ:  No.

THE SECRETARY:  Mr. Ferrara?

MR. FERRARA:  No.

THE SECRETARY:  Mr. Rosengaus?

MR. ROSENGAUS:  Yes.

THE SECRETARY:  Motion denied.

MR. KAUFMAN:  The last motion would be whether the disability is total, in that, at this point I time, he can provide useful and efficient services as a police officer for the City of Hialeah.

MR. MARTINEZ:  Do we have a motion?

MR. KAUFMAN:  You can pass the gavel back.

CHAIRMAN WILLIAMS:  Can you repeat that, Stu?

MR. KAUFMAN:  So the question is – well, the motion would be that Mr. Dorsey is totally disabled or he is not totally disabled, not taking into account the issue of whether or not there's a reasonable accommodations.  That would be a separate motion, if you found that he was totally disabled, but the totality of the disability is whether he can work as a police officer at this point in time, not having anything to do with the reasonable accommodation, just whether or not at this point in time he can go out in the streets and provide useful and efficient services as a police officer for the City of Hialeah.

MR. FERRARA:  I will move that he's not disabled.

MR. KAUFMAN:  The motion is that he's not totally disabled?

MR. FERRARA:  Correct, that he cannot be a police officer.

MR. KAUFMAN:  So that he is totally disabled.

MR. ROSENGAUS:  I'll second it.

THE SECRETARY:  Motion that Mr. Dorsey is permanently disabled to be a police officer –

8

MR. KAUFMAN:  That he is totally disabled from being a police officer.

THE SECRETARY:  From being a police officer, my apologies.

Motion made by Mr. Rosengaus, and seconded by Mr. Ferrara – no, wait.  Motion made by Mr. Ferrara, seconded by Mr. Rosengaus, right?

MR. FERRARA:  Yes.

THE SECRETARY:  Mr. Martinez?

MR. MARTINEZ:  Yes.

THE SECRETARY:  Mr. B. Williams?

CHAIRMAN WILLIAMS:  Yes.

THE SECRETARY:  Mr. Beautellus?

MR. BEAUTELLUS:  Yes.

THE SECRETARY:  Ms. Perez?

MS. PEREZ:  Yes.

THE SECRETARY:  Mr. Ferrara?

MR. FERRARA:  Yes.

THE SECRETARY:  Mr. Rosengaus?

MR. ROSENGAUS:  Yes.

THE SECRETARY:  Motion approved.

*     *     *     *     *

THE SECRETARY:  Motion that Mr. Dorsey is not reasonably accommodated.  Motion made by Mr. B. Williams, and seconded by Mr. Rosengaus.

Mr. Martinez?

MR. MARTINEZ:  No.

9

THE SECRETARY: Mr. B. Williams?

CHAIRMAN WILLIAMS: Yes.

THE SECRETARY: Mr. Beautellus?

MR. BEAUTELLUS: Yes.

THE SECRETARY: Ms. Perez?

MS. PEREZ: No.

THE SECRETARY: Mr. Ferrara?

MR. FERRARA: No.

THE SECRETARY: Mr. Rosengaus?

MR. ROSENGAUS: Yes.

MR. KAUFMAN: The motion fails, as there needs to be four affirmative votes in order to approve the motion.

THE SECRETARY: The motion is basically a tie vote?

MR. KAUFMAN: Yes, so it fails.

THE SECRETARY: Motion denied.

(Transcript 235-241, 244).

46. The Board should have awarded Dorsey his service-connected permanent total disability retirement as he was entitled to such benefit.

47. Dorsey is entitled to a service-connected permanent total disability retirement benefit.

48. Dorsey's disability is service-connected.

49. Pension Law for police officers does not allow for apportionment of causes. *Police Pension Board City of Hollywood v. Gaines*, 389 So. 2d 677 (Fla. 4th DCA 1980).

50. Dorsey's disability is permanent.

10

51.     Dorsey's disability is total as a police officer.

52.     Dorsey's employment as a Records Channel Operator in the Communications Division is not a reasonable accommodation as it is out of classification.

53.     Dorsey's employment as a Records Channel Operator in the Communications Division is not a reasonable accommodation as the pay is less than that of a police officer.

54.     Dorsey is entitled to costs and attorney's fees.  Sec. 185.05, Fla. Stat.

55.     Dorsey requests a declaration by the Court that he is entitled to a service connected permanent total disability benefit from the Board and that the Court enjoin and direct the Board to make such award.

COUNT TWO

This is an action under the Florida Declaratory Judgments Act.  Sec. 86.011, et seq., Fla. Stat.

56.     Dorsey readopts paragraphs 1 through 55 of Count One as though contained herein.

57.     Dorsey seeks a declaration of whether the proper remedy for a decision of his entitlement to service-connected permanent total disability benefits from the Board is a de novo hearing in the Civil Division of the Circuit Court under Sec. 112.66(5), Fla. Stat., or a petition for writ of common law certiorari in the Appellate Division of the Circuit Court to review the Order of denial of this benefit by the Board.

58.     Section 86.111, Fla. Stat., provides:

> Existence of another adequate remedy; effect.—The existence of another adequate remedy does not preclude a judgment for declaratory relief.

59.     Dorsey is in doubt as to which remedy is appropriate.

60.     The Florida Appellate Rules do not contain a specific provision for judicial review of a final order of a municipal (City) agency exercising quasi-judicial powers.

61.    The Access to Courts provision of the Florida Constitution, Art. I, Sec. 21, requires at least one hearing by the judicial branch in such cases.

62.    The only appellate remedy available is common law certiorari under Fla. R. App. P. 9.030(c)(3); 9.100(f).

63.    However, common law certiorari is not an appeal.  It is discretionary and has limited applicability.

64.    Consequently, the Supreme Court of Florida has decided that although judicial review of municipal agency orders is called certiorari, it really is appeal as a matter of right.  *Haines City Community Development v. Heggs*, 658 So. 2d 523 (Fla. 1995).

65.    However, the case would still be governed by certiorari rules.  *Heggs,* supra.

66.    Dorsey submits that the Legislature authorized public employees to have a direct action under Sec. 112.66(5), Fla. Stat., in the Circuit Court to decide their benefits in order to protect them from their employer and their pension board.  Sec. 112.60, Fla. Stat.

67.    Therefore, a member or beneficiary according to Sec. 112.66(5), Fla. Stat., has an option of a de novo hearing or certiorari for the Circuit Court to decide entitlement to  benefits in such cases.

WHEREFORE, Dorsey requests the Court to declare that he has the option of a de novo hearing in the Civil Division of the Circuit Court to decide his entitlement to benefits, and to conduct a de novo hearing accordingly.

## COUNT THREE

This is an action under Title 42 U.S. Code Sec. 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

12

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

68.   Dorsey readopts paragraphs 1 through 55 of Count One as though contained herein.

69.   U.S. Const. Amend. XIV requires that the proceeding be governed by "Due Process of Law", which means that the formal hearing before the Board must be "fair and meaningful".

70.   The Defendant Gelien Perez is the Human Resources Director of the Defendant City of Hialeah and a member of the Board of the Employees Retirement System of the City of Hialeah, Florida.

71.   The Plaintiff Elton Dorsey applied for a service connected permanent total disability from the Board.

72.   The Board awarded Dorsey a service connected permanent total disability retirement benefit by order dated September 22, 2020.

73.   The City appealed this decision to the Board and the Board conducted a hearing on May 10, 2021.

74.   At the beginning of the formal hearing, Dorsey's exhibits, which included two depositions of Gelien Perez were admitted into evidence without objection.

75.   At the beginning of the formal hearing, Dorsey's attorney raised the question of Gelien Perez sitting on the Pension Board and hearing and deciding the case on the ground that as she was a witness in the case, she should be disqualified from participation.

76.   The attorney for the Pension Board, Stuart Kaufman stated on the record:

Ms. Perez is the Director of Human Resources, and we have two depositions and probably was a decision-maker as to whether or not – you know, what accommodation should be made, and, you know, it's a personal decision as

13

> to anyone when they ask somebody to recuse themselves. So it is a personal decision to Ms. Perez, but I think erring on the side of caution, my legal advice is that I would find it to be an inherent conflict of interest to act as both, a witness in a case with relevant testimony and somebody who may actually be called in the case today as a witness, and then to be an ultimate decision-maker.

(Transcript 13).

77.     Ms. Perez was then asked whether she felt she could render an unbiased decision and she was asked whether she should recuse herself or participate and she answered : "I can participate".

(Transcript 14).

78.     At the conclusion of the hearing, the Board voted that Dorsey's disability was total as a police officer.

79.     When the time came at the hearing and a motion was made that Dorsey's injuries were job related the Defendant Gelien Perez voted:  No.

80.     A further question was made whether the City's assignment of Dorsey to the Communications Division to work as a Records Channel Operator was a "reasonable accommodation".

81.     The Board voted as to whether this was a reasonable accommodation.

82.     The statement of the voting in the Order and the statement of the voting in the Record do not match.

83.     The Order says the motion was whether a reasonable accommodation had been provided for Dorsey and that the vote was deadlocked.  (Final Order 13).

84.     The record shows that this is completely incorrect because the vote was whether a reasonable accommodation had NOT been provided Dorsey (it is completely backwards).

(Transcript 244).

14

85.     Whether the City was providing a reasonable accommodation to Dorsey was an affirmative defense to total disability. *Nuce v. Board of Trustees for the City Pension Fund for Firemen and Policemen in the City of Miami Beach,* 246 So. 2d 610 (Fla. 3d DCA 1971).

86.     Since the motion failed, the affirmative defense was not applicable.

87.     As the Human Resource Director of the City of Hialeah, Gelien Perez was responsible for Dorsey's assignment to the Communications Division to work as a Records Channel Operator.

88.     The City asserted that this was a reasonable accommodation, such that it would defeat Dorsey's application for service-connected permanent total disability retirement.

89.     The Defendant Gelien Perez was a witness in the case in order to assert this defense of reasonable accommodation.

90.     As a witness in the case to present evidence in an attempt to defeat Dorsey's application, the Defendant Gelien Perez should have recused herself from acting as a decider.

91.     Gelien Perez rendered the proceeding upon Dorsey's application for service-connected permanent total disability not to be a fair and meaningful hearing in violation of Due Process of Law guaranteed by the 14th Amendment of the U.S. Constitution.

92.     The Defendant Gelien Perez acting as an adverse witness and at the same time as a judge in regard to Dorsey's application for service-connected permanent total disability under color of the City's Pension Ordinance is a violation of Title 42 U.S. Code Sec. 1983.

93.     As a consequence of this violation of Title 42 U.S. Code Sec. 1983, the Defendant Gelien Perez is responsible for money damages including, but not limited to, what the amount of Dorsey's service-connected permanent total disability retirement would be.

15

94.     As a consequence of this violation of Title 42 U.S. Code Sec. 1983, the Defendant Gelien Perez is responsible for money damages including, but not limited to, the amount of pay Dorsey lost after the hearing on May 10, 2021.

95.     Pursuant to Title 42 U.S. Code Sec. 1983, Dorsey also asserts a claim for costs and attorney's fees against the Defendant Gelien Perez.

WHEREFORE, Dorsey requests the Court to declare that he may bring a claim under Sec. 112.66(5), Fla. Stat., for his entitlement to service-connected permanent total disability from the City of Hialeah Retirement System and that Dorsey is entitled to a service-connected permanent total disability retirement from the City of Hialeah Retirement System and hold Gelien Perez responsible for money damages on account of her violation of Title 42 U.S. Code Sec. 1983 by being a judge and a witness in the same case, together with costs and attorney's fees.

Date: <u>September 2, 2021</u>

Respectfully submitted,

MARK A. TOUBY, ESQ.
TOUBY, CHAIT & SICKING, P.L.
Co-Counsel for Plaintiff, Dorsey
2030 South Douglas Rd., Suite 217
Coral Gables, FL  33134
Telephone:  (305) 442-2318
E-Mail: ejcc@fortheworkers.com
Florida Bar No. 63088

Mark A. Touby

RICHARD A. SICKING, ESQ.
TOUBY, CHAIT & SICKING, P.L.
Co-Counsel for Plaintiff, Dorsey
2030 South Douglas Rd., Suite 217
Coral Gables, FL  33134
Telephone:  (305) 442-2318
E-Mail: ejcc3@fortheworkers.com
Florida Bar No. 073747

Richard A. Sicking

16

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:  2021-020500-CA-01

ELTON DORSEY,

      Plaintiff,

vs.

BOARD OF TRUSTEES OF THE CITY
OF HIALEAH EMPLOYEES RETIREMENT
SYSTEM, CITY OF HIALEAH, FLORIDA
and GELIEN PEREZ,

      Defendants._____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

**YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint for Declaratory Judgment on:

      **CITY OF HIALEAH**
By Serving:  **Carlos Hernandez, Mayor**
      501 Palm Avenue, Hialeah, FL 33010     (305-883-5800)

Each Defendant is required to serve written defenses to the Complaint for Declaratory Judgment on:
  Plaintiff/Plaintiff Attorney:  RICHARD A. SICKING, ESQ.
  Address:  2030 S. Douglas Rd., Suite 217, Coral Gables, FL 33134  (305-442-2318)

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint for Declaratory Judgment.

DATED ON_____, 2021.

      **HARVEY RUVIN**
      Clerk of the Circuit Court


      By_____
          As Deputy Clerk

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:  2021-020500-CA-01

ELTON DORSEY,

     Plaintiff,

vs.

BOARD OF TRUSTEES OF THE CITY
OF HIALEAH EMPLOYEES RETIREMENT
SYSTEM, CITY OF HIALEAH, FLORIDA
and GELIEN PEREZ,

_____Defendants._____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

**YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint for Declaratory Judgment on:

       **GELIEN PEREZ**
By Serving:  **Gelien Perez, Human Resources Director, City of Hialeah**
       501 Palm Avenue, Hialeah, FL 33010  (305-883-8050)

Each Defendant is required to serve written defenses to the Complaint for Declaratory Judgment on:
  Plaintiff/Plaintiff Attorney:  RICHARD A. SICKING, ESQ.
  Address:  2030 S. Douglas Rd., Suite 217, Coral Gables, FL 33134   (305-442-2318)

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint for Declaratory Judgment.

DATED ON_____, 2021.

       **HARVEY RUVIN**
       Clerk of the Circuit Court


       By_____
         As Deputy Clerk

1

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2021-020500-CA-01

ELTON DORSEY,

     Plaintiff,

vs.

BOARD OF TRUSTEES OF THE CITY
OF HIALEAH EMPLOYEES RETIREMENT
SYSTEM, CITY OF HIALEAH, FLORIDA
and GELIEN PEREZ,

     Defendants.           /

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

**YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint for Declaratory Judgment on:

     **CITY OF HIALEAH**
By Serving:  **Carlos Hernandez, Mayor**
     501 Palm Avenue, Hialeah, FL 33010    (305-883-5800)

Each Defendant is required to serve written defenses to the Complaint for Declaratory Judgment on:
  Plaintiff/Plaintiff Attorney:  RICHARD A. SICKING, ESQ.
  Address:  2030 S. Douglas Rd., Suite 217, Coral Gables, FL 33134  (305-442-2318)

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint for Declaratory Judgment.

DATED ON _9/13/2021_____, 2021.

                          **HARVEY RUVIN**
                          Clerk of the Circuit Court

                          **217043**
          By_____
                          As Deputy Clerk

1

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

Filing # 134370900 E-Filed 09/10/2021 02:19:42 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:  2021-020500-CA-01

ELTON DORSEY,

     Plaintiff,

vs.

BOARD OF TRUSTEES OF THE CITY
OF HIALEAH EMPLOYEES RETIREMENT
SYSTEM, CITY OF HIALEAH, FLORIDA
and GELIEN PEREZ,

     Defendants.                   /

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

**YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint for Declaratory Judgment on:

       **GELIEN PEREZ**
By Serving:  **Gelien Perez, Human Resources Director, City of Hialeah**
       501 Palm Avenue, Hialeah, FL 33010  (305-883-8050)

Each Defendant is required to serve written defenses to the Complaint for Declaratory Judgment on:
  Plaintiff/Plaintiff Attorney:  RICHARD A. SICKING, ESQ.
  Address:  2030 S. Douglas Rd., Suite 217, Coral Gables, FL 33134  (305-442-2318)

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint for Declaratory Judgment.

DATED ON _____9/13/2021_____, 2021.

               **HARVEY RUVIN**
               Clerk of the Circuit Court

               **217043**
             By _____
                As Deputy Clerk

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 134625592 E-Filed 09/15/2021 09:52:12 AM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:  2021-020500-CA-01

ELTON DORSEY,

      Plaintiff,

vs.

BOARD OF TRUSTEES OF THE CITY
OF HIALEAH EMPLOYEES RETIREMENT
SYSTEM, CITY OF HIALEAH, FLORIDA
and GELIEN PEREZ,

      Defendants.              /

## NOTICE OF ACCEPTANCE OF SERVICE OF PROCESS

COMES NOW the Defendant, Board of Trustees of the City of Hialeah Employees Retirement System, by and through its undersigned attorney, Stuart A. Kaufman, and files this Notice of Acceptance of Service of Process and for grounds would state:

1.     The Defendant Board of Trustees of the City of Hialeah Employees Retirement System hereby gives notice of acceptance of the service of process on September 15, 2021 of the complaint filed in this case.

Respectfully submitted,

STUART A. KAUFMAN, ESQ.
Klausner, Kaufman, Jensen and Levinson
Counsel for Defendant, Board of Trustees
7080 NW 4th Street
Plantation, FL 33317-2201
Telephone:  (954) 916-1202
E-Mail: stu@robertdklausner.com
Florida Bar No. 979211

By: */s/ Stuart A. Kaufman*
STUART A. KAUFMAN

1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by e-mail this 15th day of September, 2021, to: Elsa I. Jaramillo-Velez, Esq. (ejv13196@hialeahfl.gov), Assistant City Attorney, City of Hialeah City Attorney's Office, 501 Palm Avenue, 4th Floor, Hialeah, FL 33010; David C. Miller, Esq. (dmiller@bmolaw.com), 1 SE 3rd Avenue, Suite 2200, Miami, FL 33131-1716; Mark A. Touby, Esq. (ejcc@fortheworkers.com) and Richard A. Sicking, Esq. (ejcc3@fortheworkers.com), 2030 South Douglas Road, Suite 217, Coral Gables, FL 33134.

By: /s/ Stuart A. Kaufman
STUART A. KAUFMAN

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2021-020500-CA-01

ELTON DORSEY,

        Plaintiff,

v.

BOARD OF TRUSTEES OF THE
CITY OF HIALEAH EMPLOYEES
RETIREMENT SYSTEM,
CITYOF HIALEAH, FLORIDA
and GELIEN PEREZ,

        Defendants.

_____/

## **DEFENDANTS' JOINT UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendants, through their undersigned counsel, hereby file this Joint Unopposed Motion For Extension Of Time To Respond To Complaint and further state in support thereof as follows:

1.     Defendant City's response to the Complaint is due on October 20, 2021; Ms. Perez' is due on October 20, 2021; and the Board's is due on October 5, 2021.

2.     The Complaint is lengthy and the issues it raises are complex.

3.     Defendants need additional time to analyze the Complaint and respond. As such, they are jointly requesting until October 29, 2021, in which to respond. Counsel for Plaintiff does not oppose this Motion and has agreed to the attached Agreed Order.

1

WHEREFORE, Defendants jointly request that the Court grant this Unopposed Motion and enter the attached Agreed Order granting them until October 29, 2021, in which to respond to the Complaint.

**KLAUSNER, KAUFMAN, JENSEN
 & LEVINSON**
7080 NW 4ᵗʰ Street
Plantation, Florida  33317
(954) 916-1202 (Telephone)


By____/s/Stuart A. Kaufman_____
   Robert D. Klausner (FL Bar No. 244082)
   bob@robertdklausner.com
   Stuart A. Kaufman (FL Bar No. 979211)
   stu@robertdklausner.com
   Adam P. Levinson (FL Bar No. 055344)
   adam@robertdklausner.com
   Blanca T. Greenwood (FL Bar No. 919004)
   blanca@robertdklausner.com
   Counsel for Defendant Board of Trustees
   of the City of Hialeah Employees'
   Retirement System

**BRYANT MILLER OLIVE P.A.**
One S.E. Third Avenue, Suite 2200
Miami, Florida  33131
(305) 374-7349 (Telephone)
(305) 374-0895 (Fax)


By:___/s/David C. Miller_____
   David C. Miller (FL Bar No. 147427)
   dmiller@bmolaw.com
   Denise M. Heekin (FL Bar No. 892998)
   dheekin@bmolaw.com
   Counsel for Defendant City of Hialeah
   and Gelien Perez

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Clerk of the Court by using the CM/ECF system, on this 23rd day of September, 2021, on all counsel or parties of record on the Service List below.

/s/David C. Miller
David C. Miller

## SERVICE LIST

Mark A. Touby, Esquire
TOUBY, CHAIT, SICKING, P.L.
Co-Counsel for Plaintiff, Dorsey
2030 South Douglas Road, Suite 217
Coral Gables, Florida  33134
(305) 442-2318 (Telephone)
ejcc@fortheworkers.com

Richard A. Sicking, Esquire
TOUBY, CHAIT, SICKING, P.L.
Co-Counsel for Plaintiff, Dorsey
2030 South Douglas Road, Suite 217
Coral Gables, Florida  33134
(305) 442-2318 (Telephone)
ejcc3@fortheworkers.com

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2021-020500-CA-01

ELTON DORSEY,

      Plaintiff,

v.

BOARD OF TRUSTEES OF THE
CITY OF HIALEAH EMPLOYEES
RETIREMENT SYSTEM,
CITYOF HIALEAH, FLORIDA
and GELIEN PEREZ,

      Defendants.

_____/

## AGREED ORDER GRANTING DEFENDANTS' JOINT UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

THIS CAUSE, having come before the Court on Defendants' Joint Unopposed Motion For Extension Of Time To Respond To Complaint, the Court having reviewed same and being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED, that the Motion is granted. Defendants shall have until October 29, 2021, in which to respond to the Complaint.

DONE AND ORDERED in Miami-Dade County, Florida, this __ day of September, 2021.

                    _____
                    HONORABLE JOSE M. RODRIGUEZ
                    CIRCUIT COURT JUDGE

cc:    All counsel of record.

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2021-020500-CA-01
SECTION: CA15
JUDGE: Jose Rodriguez

**Elton Dorsey**

Plaintiff(s)

vs.

**Board of Trustees,Hialeah Employees Retirement Sys et al**

Defendant(s)

_____/

## AGREED ORDER GRANTING DEFENDANTS' JOINT UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

THIS CAUSE, having come before the Court on Defendants' Joint Unopposed Motion For Extension Of Time To Respond To Complaint, the Court having reviewed same and being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED, that the Motion is granted. Defendants shall have until October 29, 2021, in which to respond to the Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 29th day of September, 2021.

2021-020500-CA-01 09-29-2021 11:01 AM
Hon. Jose Rodriguez

**CIRCUIT COURT JUDGE**
Electronically Signed

> No Further Judicial Action Required on **THIS MOTION**
>
> CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Adam Levinson, adam@robertdklausner.com

Blanca Greenwood, blanca@robertdklausner.com

David C. Miller, dmiller@bmolaw.com

David C. Miller, bramirez@bmolaw.com

David C. Miller, mtripodi@bmolaw.com

David C. Miller, dmiller@bmolaw.com

Elsa I. Jaramillo-Velez, ejv13196@hialeahfl.gov

Richard A Sicking, ejcc3@fortheworkers.com

Richard A Sicking, zoezibelle@aol.com

Richard A Sicking, sickingpa@aol.com

Robert D Klausner, bob@robertdklausner.com

Robert D Klausner, kkjllaw@robertdklausner.com

Robert D Klausner, lorna@robertdklausner.com

Stuart A. Kaufman, stu@robertdklausner.com

**Physically Served:**

## VERIFIED RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Dade** | **County Court** |

Case Number: 2021-020500-CA-01

Plaintiff:
**ELTON DORSEY**

vs.

Defendant:
**BOARD OF TRUSTEES OF THE CITY OF HIALEAH EMPLOYEES
RETIEREMENT SYSTEM, CITY OF HIALEAH FLORIDA AND GELIEN PEREZ**

For:
Mark Touby, Esq.
TOUBY, CHAIT & SICKING, P.L.
2030 S. Douglas Rd.
Suite 217
Coral Gables,, FL 33134

Received by Tony Tamayo & Associates on the 15th day of September, 2021 at 1:24 pm to be served on **GELIEN PEREZ ; BY SERVING GELIEN PEREZ, HUMAN RESOURCES DIRECTOR CITY OF HIALEAH, 501 PALM AVENUE, HIALEAH, FL 33010.**

I, Alina Nunez, do hereby affirm that on the **20th day of September, 2021** at **10:38 am, I:**

**CORPORATE:** served by delivering a true copy of the **20 DAY SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DAILY MESA** as **AUTHORIZED AGENT** for **GELIEN PEREZ ; BY SERVING GELIEN PEREZ, HUMAN RESOURCES DIRECTOR CITY OF HIALEAH,** at the address of: **501 PALM AVENUE, HIALEAH, FL 33010,** and informed said person of the contents therein, in compliance with Florida Rules of Civil Procedure, Florida Statue 48.081 (1) or other state statute as applicable.

**Description** of Person Served: Age: 32, Sex: F, Race/Skin Color: WHITE, Height: 5'6, Weight: 160, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true.

**Alina Nunez**
2320

**Tony Tamayo & Associates**
**Nationwide Service**
**7600 W. 20 Avenue, Ste. 217**
**Hialeah, FL 33016**
**(305) 821-5558**

Our Job Serial Number: TTT-2021027213

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

Filing # 134370900 E-Filed 09/10/2021 02:19:42 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2021-020500-CA-01

ELTON DORSEY,

     Plaintiff,

vs.

BOARD OF TRUSTEES OF THE CITY
OF HIALEAH EMPLOYEES RETIREMENT
SYSTEM, CITY OF HIALEAH, FLORIDA
and GELIEN PEREZ,

     Defendants.            /

*Daily Mesa*
*(@@@@)*
*9-20-21 @ 10:38 A~*
*@ 2300 AN*

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

**YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint for
Declaratory Judgment on:

     **GELIEN PEREZ**
By Serving: **Gelien Perez, Human Resources Director, City of Hialeah**
     501 Palm Avenue, Hialeah, FL 33010  (305-883-8050)

Each Defendant is required to serve written defenses to the Complaint for Declaratory Judgment
on:
  Plaintiff/Plaintiff Attorney:  RICHARD A. SICKING, ESQ.
  Address: 2030 S. Douglas Rd., Suite 217, Coral Gables, FL 33134  (305-442-2318)

within 20 days after service of this Summons on that Defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be
entered against that Defendant for the relief demanded in the Complaint for Declaratory
Judgment.

DATED ON ___9/13/2021___, 2021.

          **HARVEY RUVIN**
          Clerk of the Circuit Court

               **217043**
          By_____
              As Deputy Clerk



1

## VERIFIED RETURN OF SERVICE

State of Florida                    County of Dade                    County Court

Case Number: 2021-020500-CA-01

Plaintiff:
**ELTON DORSEY**

vs.

Defendant:
**BOARD OF TRUSTEES OF THE CITY OF HIALEAH EMPLOYEES
RETIEREMENT SYSTEM, CITY OF HIALEAH FLORIDA AND GELIEN PEREZ**

For:
Richard A. Sicking
TOUBY, CHAIT & SICKING, P.L.
2030 S. Douglas Road
#217
Coral Gables, FL 33134

Received by Tony Tamayo & Associates on the 15th day of September, 2021 at 1:24 pm to be served on **CITY OF HIALEAH BY SERVING CARLOS HERNANDEZ, MAYOR, 501 PALM AVENUE, HIALEAH, FL 33010**

I, Alina Nunez, do hereby affirm that on the **20th day of September, 2021** at **10:35 am, I:**

**PUBLIC AGENCY:** served by delivering a true copy of the **20 DAY SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **JENNY BARREIRA** as **AUTHORIZED AGENT** for **CITY OF HIALEAH BY SERVING CARLOS HERNANDEZ, MAYOR** and informing said person of the contents therein.

**Description** of Person Served: Age: 33, Sex: F, Race/Skin Color: WHITE, Height: 55, Weight: 155, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true.

Alina Nunez
2320

**Tony Tamayo & Associates**
**Nationwide Service**
**7600 W. 20 Avenue, Ste. 217**
**Hialeah, FL 33016**
**(305) 821-5558**

Our Job Serial Number: TTT-2021027212

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

Filing # 134370900 E-Filed 09/10/2021 02:19:42 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2021-020500-CA-01

ELTON DORSEY,

      Plaintiff,

vs.

BOARD OF TRUSTEES OF THE CITY
OF HIALEAH EMPLOYEES RETIREMENT
SYSTEM, CITY OF HIALEAH, FLORIDA
and GELIEN PEREZ,

      Defendants. _____/

*Jenny Barreira*
*9-20-2021 @ 10:35 AM*
*+ 2300 AN*

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

**YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint for Declaratory Judgment on:

      **CITY OF HIALEAH**
By Serving: **Carlos Hernandez, Mayor**
      501 Palm Avenue, Hialeah, FL 33010     (305-883-5800)

Each Defendant is required to serve written defenses to the Complaint for Declaratory Judgment on:
    Plaintiff/Plaintiff Attorney:  RICHARD A. SICKING, ESQ.
    Address: 2030 S. Douglas Rd., Suite 217, Coral Gables, FL 33134  (305-442-2318)

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint for Declaratory Judgment.

DATED ON 9/13/2021 _____, 2021.

      **HARVEY RUVIN**
      Clerk of the Circuit Court

      **217043**
      By_____
      As Deputy Clerk

1